**UNITED STATES of America,
Appellee,**

v.

**Rohalia ROBERTS, Appellant.**

**No. 235, Docket 31736.**

United States Court of Appeals
Second Circuit.

Argued Dec. 13, 1967.

Decided Jan. 4, 1968.

---

Joshua N. Koplovitz, New York City (Anthony F. Marra, The Legal Aid Society, New York City, on the brief), for appellant.

Douglas S. Liebhafsky, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York; Pierre N. Leval, Asst. U. S. Atty., on the brief), for appellee.

Before KAUFMAN, ANDERSON and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

This case raises the narrow question whether an evidentiary hearing should have been held on a motion for a new trial. Rohalia Roberts appeals from an order of the United States District Court for the Southern District of New York, John M. Cannella, J., denying without an evidentiary hearing appellant's motion for a new trial. For reasons given below, we hold that there should have been a hearing. Accordingly, we remand for that purpose.

Appellant was tried on a two-count indictment charging the unlawful sale of heroin on two occasions. After a one-day trial, Judge Cannella sitting without a jury found appellant guilty. Appellant does not claim that the evidence was insufficient or that the judge committed error during the course of the trial. Appellant argues only that he should have been given a new trial, or at least an evidentiary hearing on his motion for a new trial, on the grounds that (1) he offered newly discovered, significant evidence and (2) the Government had suppressed vital information before and during the trial. Therefore, we shall

summarize only the facts relevant to those issues.

The Government's case at trial was offered through narcotic agents Jesse A. Spratley, Michael A. Antonelli and (in rebuttal) Jerome M. Weinberg; the latter two were surveilling agents. According to the agents, informant Charles Robinson introduced agent Spratley to appellant and was present while they first negotiated and later consummated sales of heroin by appellant to the agent on July 30, 1964 and on August 3, 1964. Appellant testified in his own behalf; he admitted that the informant, whom he already knew, had introduced the agent to him on July 30. However, Roberts denied that there was any conversation at that time about narcotics or that he had any later meetings that evening or on August 3 with the agent and the informant. As is frequently the case, the judge was thus presented with conflicting versions of what had occurred; he accepted the Government's.[1]

After the guilty verdict on May 10, 1965, Roberts was remanded to Federal Detention Headquarters at West Street in Manhattan. Roberts asserts, and the Government does not deny, that informant Robinson had also recently been confined there following his own conviction on April 27, 1965 for a narcotics violation, and that Robinson had been sent to the Federal Correctional Institution at Danbury, Connecticut a few days before Roberts arrived at West Street. In June 1965, Roberts was sentenced to concurrent five-year prison terms on his two-count conviction; thereafter, he too was sent to Danbury. Later, appellant obtained an affidavit from Robinson supporting appellant's account of his alleged single meeting with agent Spratley. Appellant timely filed a handwritten notice of appeal in June 1965, and also obtained leave to appeal *in forma pauperis*. In October 1965, this court appointed The Legal Aid Society as appellate counsel to represent Roberts;[2] over a year

---

1. The judge orally delivered his specific and careful findings at the close of the trial.

2. Other counsel represented Roberts at his trial.

later, on Roberts's motion, this court remanded the action to the district court to allow Roberts to move there for a new trial. Thereafter, Roberts brought such a motion under Rule 33, Fed.R.Crim.P., which was decided by Judge Cannella in March 1967. The judge found that the motion was "entirely without merit and that no hearing is necessary." This appeal is from the order denying a new trial.

There were two grounds for the Rule 33 motion in the district court. The first was that Roberts and his trial counsel had attempted to locate Robinson as a possible defense witness before the trial and at trial, but were unable to do so. The affidavit by Robinson corroborating Roberts's story at trial was offered as newly discovered, significant evidence. The second claim charged suppression of evidence; it emphasized that the Government at the time of trial knew where Robinson was because the Assistant United States Attorney, who tried the case against appellant, had just successfully prosecuted Robinson. Appellant argued that the Government also knew of the defense's effort to locate Robinson, but said nothing despite a request for the information. One of the moving papers even implied a conscious effort on the part of the Government to remove Robinson from the New York area before the trial started. According to appellant, this amounted to an unconstitutional suppression of evidence. Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Government denied that any request had been made to furnish Robinson's whereabouts or that it had made any effort to render him unavailable. It also pointed out that Robinson had given the Government two signed statements, which corroborated the trial testimony of the agents, and that Roberts had known Robinson's identity prior to the commencement of the trial and yet had made no effort to locate him.

■ A review of the record suggests that the only substantial issue before this court is a narrow one. Insofar as the motion for a new trial was based on "newly discovered evidence," Roberts did not display the requisite due diligence. United States v. Abrams, 357 F.2d 539, 550 (2d Cir.), cert. denied, 384 U.S. 1001, 86 S.Ct. 1922, 16 L.Ed. 1014 (1966). Roberts knew Robinson's identity and his potential importance as a witness; moreover, Roberts himself alleged that before trial "a friend" told him that Robinson was in a city jail. A simple check of district court records would have disclosed Robinson's conviction a short time before appellant's trial and where Robinson was detained. These were undisputed facts and were sufficient to justify a finding by the judge of lack of diligence. Similarly, the suppression of evidence point was largely inflated. There is no justification for the insinuation that the Government had delayed appellant's trial so that Robinson could be sent to Danbury.[3] Moreover, despite the aura of oppression created by Roberts, this is not a case of knowing use of false evidence, e. g., Miller ·v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967), or of concealment of evidence obviously helpful to the defendant. See Brady v. State of Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963); cf. Giles v. State of Maryland, 386 U.S. 66, 96–102, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967) (opinion of Fortas, J.). The record indicates that the Assistant United States Attorney who tried the case on May 10 had been assigned to it on May 7, that until then he was unaware of Robinson's connection with it, and that Robinson's statements in the Government's file indicated that his testimony would be harmful, not helpful, to appellant.

■ However, we are still left with a troublesome issue. The law is clear that when an informant's testimony is "essential to a fair determination of a cause," the Government may be required to dis-

---

3. The trial was adjourned from April 26, 1965 to May 3, at the request of Roberts's trial counsel. On that date, it was marked ready and on May 7 assigned to Judge Cannella.

close his identity and address, if known. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); United States v. D'Angiolillo, 340 F.2d 453, 455 (2d Cir.), cert. denied, 380 U.S. 955, 85 S.Ct. 1090, 13 L.Ed.2d 972 (1965); cf. McCray v. State of Illinois, 386 U.S. 300, 309–312, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). While the request is generally made in the context of a hearing on probable cause for an arrest or search, the issue may arise, as in *Roviaro*, at trial as well. It is undisputed that Robinson was the informant in this case. Moreover, agent Spratley made no secret of Robinson's status at trial and testified that he was present during all the significant events; Robinson was obviously a crucial witness to the alleged narcotics transactions. Accordingly, had defense counsel at trial clearly requested Robinson's whereabouts in order to interview him as a potential witness, we have no doubt that the judge should have required the Government to produce that information. The question is whether a sufficient request was made.

■ The motion for a new trial contained an affidavit of Roberts's trial counsel in which he swore:

Your deponent has read the minutes of the trial which at page 41 thereof show that I asked the government the whereabouts of the informant and was told that they did not know. The informant would have been a crucial witness for the defendant.

It is also my recollection that I had asked the United States attorney the whereabouts of the informant and he said he did not know.

Page 41 of the minutes referred to above contains the following interchange in the cross-examination of agent Spratley:

Q. So in other words it is your testimony that the informant sat there in the middle while you handed money to this defendant and he handed you this package, this cigarette package [containing heroin]? A. That is correct.

Q. Is the informant in court today? A. No, he is not.

Q. Do you know where he is? A. No, I do not.

In the opposing affidavit to the motion for a new trial the Assistant United States Attorney who tried this case stated that:

to the best of my knowledge, neither defendant nor his counsel * * * made any formal or informal request or inquiry, either prior to or during the trial, as to Robinson's whereabouts.

Thus, we are left, as was the district court, with a clear-cut issue of fact raised by defense counsel's affidavit, anemic though it was. That issue is whether, apart from the cross-examination of Spratley, any inquiry concerning Robinson's whereabouts was made of any responsible government personnel; if so, the questions remain whether that inquiry alone or in conjunction with the interrogation of Spratley amounted to a sufficient request for the informant's whereabouts. An evidentiary hearing was required at least for the purpose of deciding these narrow issues, and we are compelled to remand for that purpose.

Moreover, there is another, more subtle, problem presented here. It is whether, given the knowledge that Robinson had just been successfully prosecuted by the Assistant who was also trying appellant's case, the two questions to Spratley, without more, should be construed as a sufficient request for Robinson's whereabouts. This was obviously an uncommon situation; it is not usual for the particular government representatives at trial to know that less than two weeks earlier the informant had been convicted in the same court. Under those circumstances, when Roberts's counsel asked agent Spratley if he knew where Robinson was, it would at least have been wiser for government counsel to approach the bench at an appropriate time to advise the court and defense counsel of the facts. We have recently noted that the Government should not "play it 'close to the vest' in administering federal criminal justice," see United States v. McFarland, 371 F.2d 701, 705 (2d Cir. 1966), cert. denied, 387

U.S. 906, 87 S.Ct. 1689, 18 L.Ed.2d 624 (1967); United States v. Russ, 362 F.2d 843, 845–846 (2d Cir.), cert. denied, 385 U.S. 923, 87 S.Ct. 236, 17 L.Ed.2d 146 (1966). The Government argued to us that the questions to Spratley amounted to a faint-hearted request at best and were more probably an attempt to discover whether the informant was expected to be present in court to contradict the defendant's testimony.[4] There is much to this, of course, but the best way of testing whether defendant wanted the informant as a witness was to advise defendant's counsel that Robinson could be quickly produced. Moreover, we recognize that in many cases the request for the informant is a diversionary tactic, see United States v. Comulada, 340 F.2d 449, 453 (2d Cir.), cert. denied, 380 U.S. 978, 85 S.Ct. 1343, 14 L.Ed.2d 272 (1965), and that Robinson's affidavit, made while he and appellant were both at Danbury, is suspect. But there was no need for secrecy since Robinson's identity as an informant had already been revealed by the time of trial. He was the only other person present during the criminal transactions. Under those circumstances, there was no good reason to hold back the information; on the contrary, there were excellent reasons to furnish it. In sum, contrary to the extravagant charges of appellant, we see nothing here but an honest error at the trial, at most. But we do suggest that in making quick decisions of this kind in a close case, it would be better for the Government to choose the course of disclosure. Since a remand is necessary in any event, the district court should also reconsider, if necessary, whether on these facts the two questions to Spratley were in themselves a sufficient request for information.

There is no other remaining claim of error. Accordingly, if after an evidentiary hearing the district court determines that there was an insufficient request for information concerning the informant's whereabouts, there will be no need for a new trial and the judgment of conviction may stand. United States v. Gearey, 368 F.2d 144, 151 (2d Cir. 1966).

■ A final point deserves brief comment. At the time of appellant's trial, Criminal Rule 33 provided a five-day limitation period for motions for a new trial, unless the motion was based on newly discovered evidence.[5] Since the suppression of evidence ground does not fall within that exception, the Government contends that this portion of the motion was not timely made, citing United States v. Vanterpool, 377 F.2d 32 (2d Cir. 1967). In that case, we held that a trial judge had no power to order a new trial *sua sponte* after the five-day period had expired. However, because of the manner in which this case came to us, *Vanterpool* is distinguishable. Roberts filed his original appeal in June 1965 and could have urged the suppression argument on direct review. Thereafter, he received permission to withdraw his appeal for the purpose of making a motion for a new trial. Therefore, Roberts should be allowed to present to us in this appeal any question that could have been urged on the original direct appeal. It is true that in that posture the affidavit of defendant's trial counsel on the motion for a new trial would not then technically have been part of the record before us. However, we could have allowed appellant by an appropriate procedure to expand the record. Therefore, considerations of judicial economy suggest that the argument be heard and disposed of by us now.

Case remanded to the district court for further proceedings consistent with this opinion.

---

4. In closing, defense counsel suggested that the absence of the informant at trial allowed inferences favorable to defendant.

5. The time period for a motion on this ground was two years. The Rule's 5-day period for other motions was amended to 7 days, effective July 1, 1966.