

Ron Bain, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., John F. Walter, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, DUNIWAY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

This case carries some of the taint that we found in United States v. Chisum, 9 Cir., 1971, 436 F.2d 645. Here, as in that case, the appellant's conviction of violating 21 U.S.C. § 174 by selling heroin on two occasions rests almost entirely on the testimony of Agent Saiz, who made the buys. As the prosecutor said in his argument to the jury: "Whether it is lawful entrapment or unlawful entrapment comes down to the fact of who is telling the truth, Agent Saiz or Defendant Miramon."

There are two differences from *Chisum*. The first is that the offenses here involved occurred in February and March of 1966, while those involved in *Chisum* and in the indictment of Saiz occurred in May, 1966. We do not regard this time difference as sufficient to obliterate the taint.

The second is that Miramon's only defense was entrapment. He admitted the transactions, thus to a considerable extent corroborating Saiz. But his story as to how he came to sell heroin to Saiz was quite different from that of Saiz. Thus Saiz's credibility was a vital factor in the case, and so the taint remains. Whether we would reverse on that ground alone, we need not decide, because there is another ground for appeal that also has merit.

Saiz said that he was introduced to one Sanchez, a co-defendant with Miramon, by an informer, and by Sanchez to Miramon. Sanchez arranged the buys from Miramon. The informer may have been present when Miramon first appeared. The informant was also present at the second sale, or at least when it was initiated by Saiz, and took part in arranging it. Miramon's story was that he was an addict, and was prevailed upon by Sanchez to get narcotics for Saiz and the informer, who were also said to be addicts. He acted partly out of sympathy for them, but primarily because he was to have some of the narcotic for himself. He called Sanchez as a witness, but Sanchez invoked his privilege against self incrimination and did not testify.

The court declined to require the government to disclose the name of the informer. Had he been known and testified, he might have corroborated Miramon's story, at least in part. Under these circumstances, there was error. Lopez-Hernandez v. United States, 9 Cir., 1968, 394 F.2d 820 and cases there cited.

We find no other error.

The judgment is reversed and the case is remanded for a new trial.

**Van SIGGERS et al., Plaintiffs-Appellants,**

v.

**Joe MANUES et al., Defendants-Appellees.**

**No. 30911.**

United States Court of Appeals, Fifth Circuit.

June 10, 1971.

Robert J. Kelly, Batesville, Miss., for plaintiffs-appellants.

John W. Dulaney, Jr., Tunica, Miss., for defendants-appellees.

Before GEWIN, BELL and MORGAN, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

UNITED STATES of America, Plaintiff-Appellee,

v.

Eleanor Ann HUBER and Carl Huber, Defendants-Appellants.

No. 31004

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 8, 1971.

Rehearing Denied July 13, 1971.

Dean A. Andrews, Jr., Michael F. Barry, New Orleans, La., for appellants.

Gerald J. Gallinghouse, U. S. Atty., Patrick C. McGinity, Daniel J. Markey, Jr., Asst. U. S. Attys., New Orleans, La., for the United States.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1a]

Jimmie G. HILLIN, Plaintiff-Appellee,

v.

HERFF JONES COMPANY, Defendant-Appellant.

No. 31090.

Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 19, 1971.

Rehearing Denied June 10, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I, (5th Cir. 1970).

1a. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

** [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.