■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINGO PENA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 28, 1972, convicting him, after

trial, of criminally selling a dangerous drug in the third degree (two counts) and criminally possessing a dangerous drug in the fourth and sixth degrees (four counts) and imposing concurrent terms of 5 to 15 years, 2⅓ to 7 years, and 1 year, respectively. He is presently serving his sentence. Judgment reversed and new trial ordered. In this case the court held an *in camera* hearing to determine whether there was in fact an informer. He decided that there was on the basis of the police officer's testimony that the informer was registered with the police department. However, he refused defendant's request that the name of the informer be disclosed so that the latter could be called as a witness. In view of the undisputed fact, as testified to by the police officer, that he was introduced to the defendant by the informer, the words of Judge Wachtler in *People* v. *Goggins* (34 N Y 2d 163, affg. 42 A D 2d 227) apply. He there said (pp. 169–170) : " On this point the nature of the informant's role is of some significance. Undoubtedly the strongest case for disclosure is made out when it appears that the informant was an eye-witness or a participant in the alleged crime. (*Roviaro* v. *United States, supra.*) But disclosure of the informant's identity may also be appropriate when, by introducing the parties to each other or performing some other preliminary function he may be considered to have been ' an active participant in setting the stage '. (*Gilmore* v. *United States,* 256 F. 2d 565, 567; see, also, *United States* v. *Roberts,* 388 F. 2d 646, 647, 649; *Price* v. *Superior Ct.,* 1 Cal. 3d 836.) " While in this case the defendant did not take the stand he produced some evidence, albeit weak, through the testimony of his aunt that he was else-where at the time and place when the police said the drug transaction took place. Under the circumstances *People* v. *Goggins* (*supra*) requires that the judgment appealed from be reversed and a new trial be had at which the informer can be produced. Hopkins, Martuscello and Shapiro, JJ., concur; Gulotta, P. J. and Christ, J., dissent and vote to affirm, with the following memorandum: In our opinion the trial court correctly refused to permit dis-closure of the identity of the informant who introduced the undercover police officer to defendant prior to the sale of contraband. The defendant did not testify at the trial and did not dispute the undercover officer's testimony as to the introduction. There is thus no issue here of identification except insofar as raised peripherally by defendant's aunt, who attempted to provide him with an alibi for the day *before* the second crime charged. This distinguishes the present case from *People* v. *Goggins* (42 A D 2d 227, affd. 34 N Y 2d 163), where the defendant testified that he knew of no informant since he was never introduced to one, and he contended that his implication in the charges against him was a case of mistaken identity. As a result, the Court of Appeals found that at the trial the defendant challenged the reliability of the undercover officer's identification, and a close identity question emerged, the proper resolu-tion of which required disclosure of the identity of the informant who initially brought the parties together. Here, however, the defendant has failed to show a sufficient basis in fact to establish that his demand for disclosure does not have an improper motive and is not merely an angling in desperation for possible weaknesses in the prosecution's investigation (see *Roviaro* v. *United States,* 353 U. S. 53). Disclosure was therefore properly refused.