**UNITED STATES of America**

v.

**Rajan PATIWANA and Paolo Zummo, Defendants.**

**No. 85 CR 0175.**

United States District Court,
E.D. New York.

Oct. 17, 1989.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by Ephraim Savitt, Asst. U.S. Atty., for U.S.

Litman, Asche, Lupkin & Giorella, New York City by Jack Litman, for defendant Rajan Patiwana.

Schoenfeld & Schoenfeld by Chris P. Termini, Melville, N.Y., for defendant Paolo Zummo.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Defendants, Rajan Patiwana and Paolo Zummo [1] move this Court, pursuant to Rule 12(b)(1) and (2) of the Federal Rules of Criminal Procedure for an order dismissing the indictment on the grounds that the

1. The motion was originally filed by defendant Patiwana. By letter dated May 31st, 1988 defendant Zummo joined in on the motion.

2. Also under surveillance was Pietro Amato, Pietro Tussa and Joseph Spatola. Spatola and Amato were currently under indictment in the

grand jury presentation was defective, illegal and improper. Defendants also move pursuant to Fed.R.Crim.P. 12(b)(4) for an order compelling the Government to provide the name and whereabouts of a confidential informant. For the reasons to follow, the defendants' motions are denied.

## PROCEDURAL HISTORY

For a detailed account of the facts leading to the defendants' arrest, the reader is respectfully referred to the opinion rendered by the Second Circuit Court of Appeals, *U.S.A. v. Tussa*, 816 F.2d 58 (2d Cir.1987) which reversed defendants' convictions. For purposes of this motion the following facts are pertinent.

On March 13, 1985, several agents of the F.B.I. began surveillance of several individuals, including the defendants Patiwana and Zummo [2]. After eight hours of surveilling the suspects through various points of Queens and Nassau, the four individuals were arrested for violation of the Federal Narcotics laws. The defendants were indicted and after trial, convicted by a jury of one court of possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1)(1982), and one count of conspiracy to possess heroin with intent to distribute, 21 U.S.C. § 846 (1982). On appeal, the convictions of both Patiwana and Zummo were reversed [3] on the ground that admission of hearsay testimony regarding an informant's statement was improper and may have contributed to the jury's finding of guilt. See *United States v. Tussa*, 816 F.2d 58, 65–67 (2d Cir.1987).

## I. MOTION TO DISMISS INDICTMENT

Defendants now seek dismissal of the indictment on the grounds that the prosecution presented to the grand jury testimony which it knew to be false, inflammatory and irrelevant, and that the prosecutor failed to present "exculpatory evidence" known to the prosecution.

Eastern District of New York for heroin trafficking.

3. The Second Circuit held that the hearsay testimony was harmless error as to Amato and Tussa and affirmed their convictions.

## (A) Prejudicial Evidence

The defendants contend that testimony presented to the grand jury by F.B.I. Agent Dan Donohue was false and blatantly prejudicial. Agent Donohue testified that he began an investigation of defendant Patiwana based on information received from a confidential informant [4]. Agent Donohue testified that the informant advised him that an Indian National known as Rajan "Shah" or by the nickname "Vicki" was a major heroin supplier. The informant advised the agent that Rajan was believed to be part owner of the "Sam and Raj" Appliance Store in Jackson Heights, that Rajan drove a gray Mercedes and had a telephone number in the 516 area code. Agent Donohue testified that based on this information he was able to "confirm" Rajan Patiwana as the major heroin supplier described by the informant. Patiwana contends that not only was this testimony false in that Agent Donohue had not been able to confirm Patiwana as the "supplier", but was also misleading in that the agent failed to inform the grand jurors that the informant had given a last name ("Shah") and a nickname ("Vicki") which the agent knew did not match the defendant. Additionally, Patiwana argues that Agent Donohue's testimony that Patiwana meet that day with "two currently indicted heroin dealers" was irrelevant and highly prejudicial.

■ The Fifth Amendment of the United States Constitution provides that "[N]o person shall be held to answer for a capital, or otherwise infamous crime, except on indictment by a grand jury". The grand jury possesses broad investigative power to enable it to carry out this function. *United States v. Calandra*, 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974). It may compel production of such evidence and testimony as it considers appropriate, unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials. *United States v. Ciambrone*, 601 F.2d 616, 622 (2d Cir.1979) (quoting *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974)). The prosecutor in grand jury proceedings is given broad discretion. *Powers v. Coe*, 728 F.2d 97, 104 (2d Cir. 1984). However, the power of the prosecutor to present evidence to the grand jury is not limitless. Where the government knows that perjured testimony has been given to the grand jury and that this testimony is material to the grand jury's deliberations, due process requires that the prosecutor take such steps as are necessary to correct any possible injustice. *United States v. Guillette*, 547 F.2d 743, 752 (2d Cir.1976) *cert. denied* 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1977). Courts have held that "[a]n indictment will be dismissed on the grounds of prosecutorial misconduct in very limited and extreme circumstances" *United States v. Beech–Nut Nutrition Corp.*, 659 F.Supp. 1487, 1499 (E.D.N.Y.1987) and that dismissal is warranted "only where the prosecutors conduct amounts to a knowing or reckless misleading of the grand jury as to an essential fact." *United States v. Bari*, 750 F.2d 1169, 1176 (2d Cir.1984), *cert. denied sub nom. Benfield v. United States*, 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985).

■ In applying the applicable standards to the facts herein, it is clear that dismissal of the indictment is not warranted. Although Agent Donohue's testimony contains certain minor inaccuracies and omissions, it is a far cry from defendant's characterization of "false and misleading". The description provided by the informant was of an Indian National who was believed to be part owner of an appliance store, who drove a grey Mercedes and resided somewhere in the 516 area code. With the exception of the fact that Patiwana was only an employee as opposed to a part owner of the store [5] and drove a silver not grey Mercedes, the description provid-

---

4. Agent Donohue told the grand jurors that this informant had previously given information which led to the seizure of 43 lbs. of uncut heroin from India.

5. The United States Attorney at oral argument stated that upon Patiwana's arrest, a business card for Sam & Raj Appliance Store was seized which listed Patiwana as Vice President.

ed to the grand jurors is one that is substantially similar to that of the defendant. The fact that Agent Donohue was unable to confirm that the defendant had a nickname of "Vicki" and failed to inform the grand jury of such does not require a dismissal of the indictment. In reviewing the grand jury testimony, it is clear that the evidence was not presented in a misleading fashion. Agent Donohue informed the grand jurors that the information came from an informant who had not identified Patiwana as the "supplier". The Agent testified that he confirmed Patiwana as the supplier based on the substantial similarities in the description given and Patiwana himself. The testimony further shows the grand jurors were also informed of the fact that the informant's description was the basis for establishing the surveillance and not the basis on which the charges were brought. Lastly, the testimony of Agents Maurey and McShane provided the grand jury with a first-hand account leading to the defendant's arrest which provided the grand jury with sufficient evidence to establish probable cause to indict. Therefore, defendant's motion to dismiss the indictment is denied.

### (B) Exculpatory Evidence

■ The defendant's next move this Court to dismiss the indictment based upon the government's failure to present exculpatory evidence known to prosecution at the time of the grand jury presentation.

Courts have held that the prosecutor is not presently obligated to present evidence favorable to the defendant because a grand jury proceeding is not an adversary hearing in which guilt or innocence of the accused is adjudicated. *United States v. Ciambrone,* 601 F.2d 616, 622 (2d Cir.1979) (quoting *United States v. Calandra,* 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974)). However, the Second Circuit in *Ciambrone,* held that "[w]here a prosecutor is aware of any substantial evidence negating guilt he should, in the interest of justice, make it known to the grand jury, at least where it might reasonably be expected to lead the jury not to indict." *Ciambrone* at 623.

The defendants allege that the testimony presented at trial by the defense through two witnesses clearly establishes evidence negating the guilt of the defendants and as such the prosecution was obligated to present such to the grand jury. At trial, the defense called Agent Uniacke who testified that he did not see Patiwana carrying a white package as he left the building. The defense also called the doorman of the building (Angel Santiago) who also testified that he saw the defendant leave the building without carrying a white package. This testimony, according to the defendants, seriously contradicts the testimony of Agent McShane who testified that he observed Patiwana exit the building carrying a white package which was later shown to contain heroin.

In examining the trial record, it is apparent that the testimony of these two witnesses does not rise to the level of "substantial evidence negating guilt." Agent Uniacke testified that based upon his surveillance position he could not see anything below the defendant's shoulders as he exited the building. Such testimony does not amount to clearly exculpatory evidence. The testimony of the doorman was seriously discredited on cross examination when it was revealed that the witness could not account for the clarity of his recollection of this event and that it took at least seven interviews by defense investigators before he was able to reconstruct the event in his mind. Although this testimony contradicts that of Agent McShane, it does not rise to the level of serious evidence negating guilt. The Second Circuit has held that "it is inappropriate for a court to review the credibility of grand jury witnesses because such an exercise would seriously infringe upon the traditional independence of the grand jury." *United States v. Guillette,* 547 F.2d 743, 753 (2d Cir.1976). Therefore, the defendants' motion to dismiss the indictment must be denied.

## II. IDENTITY OF CONFIDENTIAL INFORMANT

■ Defendants next move this Court for order directing the government to re-

lease the identity of a confidential informant on the grounds that the informant was an eyewitness to a critical fact in dispute which directly relates to the defendants' guilt or innocence.

In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) the Supreme Court held; "[w]here the disclosure of an informant's identity, or the contents of his communication is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informants] privilege must give way."

353 U.S. at 60–61, 77 S.Ct. at 627–28. The Court explained that

"[n]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individuals right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case taking into consideration the crime charge, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

353 U.S. at 62, 77 S.Ct. at 628.

Courts have required disclosure where the defendant has shown that the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence. *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir.1984). *United States v. Roberts*, 388 F.2d 646, 648–9 (2d Cir. 1968).

In applying the above principals to the facts herein, it is apparent that defendant's claim that such disclosure is necessary for the preparation of his defense is insufficient. As the record of the first trial demonstrates, and as the Second Circuit held in reversing the defendant's convictions, the informant's account of Patiwana's delivery of the heroin from the building to Zummo's car was potent corroboration of the defendant's guilt because it is squarely consistent with Agent McShane's testimony that Patiwana left the building with the white package in his jacket. Although the informant would be subject to a relentless examination as to his credibility, the Court fails to see the need for his testimony in light of the fact that the defense has available to it two witnesses who previously testified favorably as to this issue. Therefore, the Court finds that the proposed testimony is not "essential" to Patiwana's defense or "determinative" of his guilt or innocence and as such, the motion is denied.

*Conclusion*

For the reasons articulated above the defendant's motion to dismiss the indictment, and for the disclosure of the identity of the confidential informant are hereby denied. The parties are directed to appear on November 27th, 1989 at 11:00 A.M. at which time this Court will conduct a hearing regarding the admissibility of certain government evidence. Jury selection and trial will commence immediately upon the conclusion of the hearing.

SO ORDERED.