**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0899n.06**
**Filed: November 15, 2005**

**Nos. 04-5544 and 04-6385**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| HOWARD ZIMMERMAN, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: COLE, ROGERS, and McKEAGUE**, **Circuit Judges**

**Rogers, Circuit Judge.**  This is a consolidated appeal.  Defendant-Appellant Howard Zimmerman appeals two decisions by the district court: (1) its judgment sentencing him to 41 months imprisonment for child pornography-related convictions; (2) its order denying his motions for a new trial, for an evidentiary hearing, and for an order compelling the government to produce evidence.  More specifically, as to the sentence of 41 months, Zimmerman argues that *Blakely v. Washington* forbids a two-level enhancement of his sentence due to the prepubescent status of some of the girls depicted in the child pornography in question.  542 U.S. 296 (2004).  As to the order denying Zimmerman's motions, Zimmerman seeks a new trial based on the discovery of new evidence and the ineffective assistance of counsel.  He also seeks an evidentiary hearing and to have a copy of his hard drive made available to him to develop further evidence.

We vacate Zimmerman's sentence and remand the case for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005). Regarding the district court's denial of Zimmerman's motions, we find no abuse of discretion and therefore affirm the district court's order. We affirm the district court's denial of Zimmerman's motion for a new trial based on the ineffective assistance of counsel, however, only because this claim would be best brought pursuant to a habeas petition under 28 U.S.C. § 2255. Zimmerman is free to do so.

**I.**

On September 25, 2002, Howard Zimmerman was indicted on eight felony counts related to child pornography pursuant to 18 U.S.C. §§ 2256; 2252(a)(2); 2252(a)(4)(B). At his trial, the jury convicted Zimmerman of six of the eight counts and acquitted him of two counts. The court sentenced Zimmerman to imprisonment for 41 months and two years of supervised release, and ordered him to pay a fine of $600.00.

At trial, Jennifer Zimmerman, the defendant's ex-wife, testified that she and Zimmerman acquired a Dell computer in January 1999. Owing to problems in their marriage, Jennifer and Zimmerman separated on September 4, 2001. Zimmerman moved out of the house, where the Dell computer was located, but he had access to the Dell computer when he visited.

As her relationship with Zimmerman deteriorated further, Jennifer purportedly decided to search the Dell computer for Zimmerman's financial information. Because Jennifer knew little about computers, she asked her friend Ira Morris, who works with computers, to come over to the

house and help her search the Dell computer on November 25 and 26, 2001. During their inspection of the computer, Jennifer testified, they discovered child pornography on the computer and on a zip disk nearby. Jennifer and Morris deny ever transferring or downloading anything onto the Dell computer the night they claim to have discovered the child pornography on it and the zip disk.

Jennifer and Morris turned the computer over to Jennifer's divorce lawyer, who in turn gave it to computer expert Jonathan Turner for analysis, who in turn gave it to the FBI. The FBI opened a criminal investigation of Zimmerman. At trial the government called FBI Special Agent Scott Ledford to testify about a voluntary interview that Ledford and other agents conducted with Zimmerman. Ledford said that Zimmerman "admitted that he had in fact used the computer and downloaded child pornography via the Internet at home."

According to Ledford, Zimmerman said that his activities downloading child pornography were "in conjunction with the work that he did for a company called Bay TSP," that was supposedly developing digital fingerprints for computer files that would enable law enforcement to locate child pornography. Ledford also said that Zimmerman admitted to placing these types of pornographic files into a zip file and to password-protecting them. The agents asked Zimmerman for the passwords to two password-protected zip files found under his profile on the Dell computer. "After a few failed attempts, Mr. Zimmerman was able to supply a password for those files. And after opening several of them, they depicted children engaged in sexually explicit conduct." According to Ledford, the agents asked Zimmerman "if he was responsible for the images that were placed on the computer, and he admitted that he was."

Zimmerman presented very little evidence in his case in chief. Steve Farese, Zimmerman's discharged criminal defense lawyer who had attended the FBI interview, testified that Zimmerman had provided the correct password to the zip files only after going "through a litany of passwords." Farese further said that in the interview Zimmerman had denied intentionally downloading child pornography. Farese conceded that Zimmerman admitted to downloading some child pornography, but added that Zimmerman claimed that he deleted it. Zimmerman also called a character witness who said that in his opinion Morris "is somewhat untruthful at times." Zimmerman presented little other evidence worthy of note.

Following his conviction, through his primary trial counsel Jacob E. Erwin, Zimmerman moved for a new trial based on the ineffective assistance of his trial counsel Jacob E. Erwin. In other words, Erwin represented Zimmerman for the motion for a new trial based on his own ineffective assistance of Zimmerman. The district court denied this motion on the merits.

Zimmerman also moved for a new trial based on the discovery of new evidence, and moved to require the government to produce evidence. Zimmerman claims that he has discovered new evidence that so powerfully indicates his innocence that he should be tried again. He points to the following three developments:

*First*, after the trial on April 18, 2004, Dell Computer Co. informed Zimmerman that it shipped the Dell computer to him on January 15, 1999. This fact weighs in favor of ordering a new trial, according to Zimmerman, because some of the images, cited in the indictment, that were

supposedly downloaded onto the Dell computer predate the existence of the computer. Appellant's Br. at 6.

*Second*, after the trial Zimmerman hired computer expert Lyle Caldwell, who examined printed directory listings and log files from Zimmerman's computer. Caldwell claims in his report that many of the pornographic images on the Dell computer could not have been downloaded to it from the internet because their creation times and dates were "sequentially so close in time to one another," that they could have only been transferred from a "ZIP file or transferred from a CD-ROM or another computer's hard drive." Caldwell further claims that the files were placed on the Dell computer "on November 25 and 26, 2001, as shown by the printed WinZip program activity log." Zimmerman "was not in the residence" on these days but Jennifer and Morris were there, according to their own testimony, when they allegedly discovered child pornography. Caldwell infers from this that "Jennifer Zimmerman and Ira Morris created these files and were aware of their pornographic and illegal content."

*Third,* after the trial a friend of Zimmerman's told him that a former employee of Zimmerman's named Matthew Smith obliquely admitted on his personal website to placing "goodies" on Zimmerman's computer for the authorities to find. The portion of the site purportedly dealing with Zimmerman includes bizarre stories that blend truth with fantasy. This website apparently refers to Zimmerman as "Pederastputin." Zimmerman wrote in his motion for a new trial:

In what seems to be a stark admission of guilt to the charges contained in this indictment, as well as a revelation of his motive of revenge because of the prior business disputes with the defendant, Smith writes in the "Pederastputin Auditions" section:

Due to a serious error on the part of the inebriated casting director, Pederastputin was scheduled to appear on an episode of Xena - Warrior Princess. Pederastputin made it as far as the initial casting call before they told him, sadly, to go home ***because the authorities found the goodies I left for them on the computer. I guess I will never get any money from him but I did get even***.

*(emphasis added).*

Perhaps even more telling is that Smith has recently removed the emphasized words in the website entry, and the paragraph now ends with ". . . told him, sadly, to go home." The fact that he removed the language shows a clear consciousness of guilt and a desire to conceal his admission on the website.

Zimmerman argues that these developments present new, material evidence of his innocence that could not have been previously uncovered by due diligence and would likely produce an acquittal.

The district court enhanced Zimmerman's sentence two levels because, according to the Presentence Report, the offense involved a prepubescent minor. *See* U.S.S.G. § 2G2.2(b)(1) (2000). The district court added two more levels because a "computer was used for the transmission for the material." *See* U.S.S.G. § 2G2.2(b)(5) (2000). The jury never found that any of the minors depicted in any of the pornographic images were prepubescent.

## II.

The district court properly denied Zimmerman's motion for a new trial based on the discovery of new evidence. The evidence he used to support his motion could have been uncovered previously through due diligence, is cumulative, or is unlikely to produce an acquittal.

Federal Rule of Criminal Procedure 33 allows the district court, upon the defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." A district court's denial of a defendant's motion for a new trial will be overturned on appeal only if the defendant shows that the district court abused its discretion. *See United States v. Anderson*, 76 F.3d 685, 692 (6th Cir. 1996).

To justify ordering a new trial based the discovery of new evidence, "the defendant must show that: (1) the new evidence was discovered after trial; (2) the evidence could not have been discovered with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal." *United States v. Garcia*, 19 F.3d 1123, 1126 (6th Cir. 1994) (citing *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir. 1992)). No such evidence exists in this case. The district court therefore did not abuse its discretion when it denied Zimmerman's motion for a new trial based on the discovery of new evidence.

Zimmerman offers three pieces of new evidence: first, the exact shipment date of the Dell computer (January 15, 1999) as supplied by Dell Computer Co.; second, a report by computer expert Lyle Caldwell based on printed directory listings and log files from the Dell computer; third, a website by a disgruntled former employee who purportedly boasted about putting "goodies" on Zimmerman's computer.

The shipment date of the Dell computer, discovered by Zimmerman after the trial, is cumulative evidence because Zimmerman's ex-wife Jennifer testified at trial that the Dell computer

had been acquired in January 1999. Jennifer confirmed this month and year information when Zimmerman's attorney supplied it to her on cross examination. Therefore, the precise shipping day as supplied by Dell cannot justify ordering a new trial.

The conclusions of Zimmerman's new computer expert, Lyle Caldwell, could have been reached previously with due diligence because Caldwell merely analyzed old printed directory listings and log files that were available to the defense before and throughout the trial. Zimmerman essentially concedes that he had access to the information Caldwell analyzed before and during the trial. Any conclusion Caldwell could reach now necessarily could have been reached before the trial through the exercise of due diligence.

The portions of Matthew Smith's website that boast about putting "goodies" on "Pedersastputin's" computer for the authorities to find would not likely produce an acquittal. The website in question mixes grotesque fantasy with fact in a manner that is unlikely to cast reasonable doubt on the reliability of evidence tending to prove Zimmerman's guilt. According to the government's witnesses, Zimmerman confessed to the FBI in a voluntary interview to downloading child pornography, putting it in zip files, and password-protecting it. He also, according to the same witnesses, took responsibility for whatever child pornography was on the Dell computer and supplied the password that opened password-protected files containing child pornography. It is difficult to imagine a jury giving enough weight to Smith's largely fantastical website to cast reasonable doubt on the incriminating events in Zimmerman's interview.

Zimmerman is not entitled to a new trial based on the discovery of new evidence because the evidence he has offered could have been uncovered previously with the exercise of due diligence, is cumulative, or would not likely produce an acquittal.

## III.

The district court properly denied Zimmerman's motion for a new trial based on the ineffective assistance of counsel, although it should have done so without reaching the motion's merits. As a general matter, an ineffective assistance of counsel claim should be brought pursuant to a habeas petition under 28 U.S.C. § 2255. *See United States v. Daniel,* 956 F.2d 540, 543 (6th Cir. 1992); *see generally Massaro v. United States*, 538 U.S. 500, 504-05 (2003) ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance."). The district court's denial of Zimmerman's motion was correct because Zimmerman should have brought his claim pursuant to a § 2255 petition. He is free to do so.

## IV.

The district court also did not abuse its discretion when it denied Zimmerman's request for an evidentiary hearing. Zimmerman requested such a hearing to develop evidence that might support his request for a new trial. Zimmerman was not entitled to such an evidentiary hearing because "he utterly failed to demonstrate that any of his alleged potential defense witnesses or any of the documents could conceivably have helped" his motions. *See United States v. Ford*, No.

92-1066, 1993 U.S. App. LEXIS 4106, at *9 (6th Cir. Feb. 24, 1993).

Zimmerman argues, however, that the Dell computer shipping date, Caldwell's report, and Matthew Smith's website together required the district court to hold an evidentiary hearing because they "squarely and gravely infused a doubt into the finding of" Zimmerman's guilt, or raised "a clear-cut issue of fact." *United States v. Mitchell*, 602 F.2d 636, 637 (4th Cir. 1979) (squarely infused doubt); *United States v. Roberts,* 388 F.2d 646, 649 (2d Cir. 1968) (clear-cut issue of fact). Zimmerman misapplies these two cases. In *Mitchell* and *Roberts,* sworn affidavits raised doubts as to the defendant's guilt. *Mitchell*, 602 F.2d at 637; *Roberts,* 388 F.2d at 649-50. In *Mitchell*, the Fourth Circuit ordered the district court to hold an evidentiary hearing so that the declarant named in the affidavit could be fully questioned. *See* 602 F.2d at 637.

In this case, Caldwell's report infuses some doubt into the finding of Zimmerman's guilt. Unfortunately for Zimmerman, this evidence cannot justify ordering an evidentiary hearing because it could have been discovered previously with due diligence. Smith's website, on the other hand, is far from a sworn affidavit. It makes no sober assertions of fact that would justify bringing Smith into court the way a sworn affidavit merited the questioning of the *Mitchell* declarant. It therefore fails to raise a clear-cut issue of fact that demands an evidentiary hearing. Consequently, Zimmerman is not entitled to an evidentiary hearing and the district court properly denied his request.

**V.**

The district court also properly denied Zimmerman's motion to compel the government to produce evidence, because he merely wants the government to produce an "accurate copy" of the very same Dell computer hard drive that he had ample opportunity to examine in the past. Any new evidence he gleans from such discovery could have been uncovered previously through the exercise of due diligence. Whatever evidence he finds could not justify ordering a new trial based on the discovery of new evidence. The district court did not abuse its discretion, therefore, when it denied Zimmerman's motion.

**VI.**

As for Zimmerman's sentence enhancement due to the prepubescent status of the girls depicted in some of the pornographic images, the sentencing guidelines applied by the district court have been held to be advisory rather than mandatory. *See United States v. Booker*, 125 S. Ct. 738 (2005). Zimmerman's sentence must therefore be reconsidered in light of *Booker*. *See United States v. Oliver*, 397 F.3d 369, 377 & n.1 (6th Cir. 2005).

**VII.**

We AFFIRM the district court's denial of Zimmerman's motions and its denial of his request for an evidentiary hearing, but VACATE his sentence and REMAND the case to the district court for resentencing.