UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert BARNETT, Defendant-Appellant.

No. 19471.

United States Court of Appeals
Sixth Circuit.

Nov. 28, 1969.

**310**

John F. Dugger, Morristown, Tenn., for appellant.

W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for appellee, Robert E. Simpson, U. S. Atty., Knoxville, Tenn., on brief.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal by Robert Barnett [hereinafter "Defendant"] from a conviction in the United States District Court for the Eastern District of Tennessee, on the first five counts of a six count indictment alleging violations of the Internal Revenue laws relating to nontax-paid whiskey.

Counts one and two of the indictment charged the Defendant with transportation and removal of nontax-paid whiskey from an instrument of transportation on June 5, 1968. 26 U.S.C. §§ 5205(a) (2) and 5604(a) (1). Count three charged concealment of nontax-paid whiskey on July 11, 1968. 26 U.S.C. § 5601(a) (2). Count four charged possession of one-half gallon of nontax-paid whiskey on June 5, 1968, which was intended for use in violating the Internal Revenue laws. 26 U.S.C. § 5686. Count five charged possession of one-half gallon on nontax-paid whiskey on July 11, 1968, which was intended for use in violating the Internal Revenue laws. 26 U.S.C. § 5685 (a).

The Defendant was sentenced to serve a penitentiary sentence of one year on count one of the indictment and one year on count three, said sentences to run consecutively. He was fined $1,000 on count five of the indictment. Imposition of sentence was suspended on counts two and four and he was placed on probation for a period of three years to com-

mence at the expiration of the penitentiary sentences.

The evidence at trial disclosed that a federal agent, Michael Hopkins, accompanied by an informer went to Wilma Bowman's house on June 5, 1968. Agent Hopkins testified that he asked Mrs. Bowman, a co-defendant, for a jar of whiskey and that she stated she did not have any, but that she would get some. That she then made a 'phone call and a few minutes later received a 'phone call and that she said, "bring some [whiskey]. There is a fellow here now that wants a jar and bring me some beer too,

\* \* \*."

Agent Hopkins further testified that shortly thereafter the Defendant, Robert Barnett, drove up, parked the car at the rear of the house, got out carrying two brown paper bags, and went into the back room of the house. That a co-defendant, Bobby Harold Street, went out to the car and carried in two cases of beer. That later Street came out followed by Wilma Bowman, carrying a large brown paper bag containing a one-gallon jug half full with whiskey. That Agent Hopkins and the informer tasted the whiskey, paid Mrs. Bowman $6.00 and left.

Agent Hopkins also testified that on July 11, 1968, he returned to Mrs. Bowman's house with another Government agent, Robert House; that he talked with Defendant Barnett about the price of whiskey; that Barnett asked Mrs. Bowman if they had any whiskey there; that they went into the same back room where Barnett on previous occasion had taken the brown paper bags, returned and sold to Agent Hopkins a gallon jug of whiskey half filled for $6.00. The testimony was corroborated by Agent House.

Special Investigator Lindsey of the Alcohol Tax Division of the United States Treasury Department testified that it was a very common practice in the area involved to carry distilled spirits in brown bags.

Special Investigator Beeler of the Alcohol Tax Division testified that it was the common practice in the area to transport liquor in gallon jugs.

Four alleged errors at trial were considered on appeal.

 First, we are of the opinion that the trial judge erred in not requiring the Government to produce the name of its informer.

Defendant Barnett has thrice sought the identity of the individual who accompanied Agent Hopkins, the Government's key witness, on the 5th, 6th and 28th of June, 1968. On October 29, 1968, the day after his arraignment, Defendant Barnett caused a subpoena to be issued for the informer in care of the Alcohol Tax Division, Greenville, Tennessee, under the name of Bill Nelson, the name testified to by Agent Hopkins at the preliminary hearing. The United States Marshal returned the subpoena and stated that the Alcohol Tax Division advised him that there was no such person as Bill Nelson or at least they did not know him. On October 31, 1968, the Defendant filed a motion to require the Government to produce the informer for cross-examination. The portion of the preliminary hearing in which Agent Hopkins testified as to the continued presence of the informer and his name, Bill Nelson, was attached to the motion. The motion was denied on the morning of the trial by the Court on November 15, 1968. Finally on November 22, 1968, on a motion for a new trial, the Defendant sought the identity of the informer because he believed him to be a material witness. The trial Judge denied this motion on January 23, 1969. Defendant has consistently maintained that the undisclosed informer who accompanied Agent Hopkins, the Government's key witness, was a material witness and has sought his identity at every stage of these proceedings.

Defendant's continued assertion that the informer would be a material element in his defense is supported by the facts that the dates on which the evidence relating to counts one, two and four was gleaned, the informer was present throughout all the allegedly incriminating events. The informer was an eyewitness observer of and participant in the conversations and events alleged to have taken place between the Defendants and the Government agent on those days. In this regard, it is significant that the informer did not merely provide a "tip" for the Government, but he was present and participated with the Government agent throughout the alleged sale. Aside from the other defendants who had chosen not to testify, only the informer could controvert, explain or amplify the testimony of the key Government witness, Agent Hopkins. Hence, the testimony of the informer could have been highly material to the case of Defendant Barnett. Roviaro v. United States, 353 U.S. 53, 63–65, 77 S.Ct. 623, 1 L.Ed.2d 639. The generally recognized privilege of the Government not to disclose its informer's identity to encourage citizens to communicate their knowledge of the commission of crimes to law-enforcement officials is limited in scope. When on the facts of the individual case the "fundamental requirements of fairness" indicate that the informer's identity would be "relevant and helpful to the defense of the accused, or essential to a fair determination of a cause, the privilege must give way." Roviaro v. United States, 353 U.S. at 60–61, 77 S.Ct. at 628:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." 353 U.S. at 62, 77 S.Ct. at 628.

The concealment of the identity of an eyewitness informer, who under the circumstances of the case was the only person who could amplify, modify or controvert the statements of the Government's key witness, denied the accused evidence likely to be relevant and helpful to his defense and probably essential to a fair determination of his guilt or innocence.

■ Second, the District Court did not err in denying Defendant Barnett's motion for severance and separate trial. Defendant Barnett argues that the statements made by co-defendant Wilma Bowman and overheard by Government Agent Hopkins were highly prejudicial to him and that they could not have been introduced were she not a co-defendant; furthermore, he alleges such prejudice was not cured by express instructions of the trial Judge that the statements were not admissible with regard to Defendant Barnett.

Unlike Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), in which a confession by a co-defendant integrally implicated and incriminated the appellant, this is a case in which the co-defendants' statements tended by inference alone to repeat the inferences of other proofs of the Government's case. Even excluding such evidence, however, there remains uncontroverted eyewitness testimony of Government Agent Hopkins; and it is corroborated by two federal investigators from the Alcohol Tax Division who testified as to the common practices in the area in question for unlawfully carrying and transporting whiskey. Absent any controverting circumstances or evidence, we are of the opinion that the alleged prejudicial error, if any, was "so overwhelmed" by the evidence that it was "harmless beyond a reasonable doubt." Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

■ Third, we affirm the District Court's imposition of separate sentences for the concealment and possession of the same half gallon of nontax-paid whiskey. A single transaction may violate several different laws and therefore may expose a defendant to conviction and punishment for two or more offenses. The test to be employed in determining whether this principle may be invoked is whether each offense charged requires proof of a fact which the others do not. United States v. Barnett and McInturff, 407 F.2d 1114 (6th Cir. 1969), and Mathis v. United States, 200 F.2d 697 (6th Cir. 1952).

In the instant case, the proof of "concealment" requires a showing that the Defendant by his demeanor and activities concealed the presence of unlawful whiskey. Indeed, by the Defendant's comments and activities, it is apparent that he was attempting to conceal the whiskey until he believed it was safe to reveal it for sale. Also, his activity in selling the whiskey with Mrs. Bowman and emerging from the back room with her is evidence that each had joint dominion and control over the whiskey and hence that the Defendant, in addition to unlawfully concealing the whiskey, also unlawfully possessed it.

■ Fourth, these convictions can not be attacked on the grounds that compliance with the statutes proscribing the activities prohibited would have compelled the Defendant to eventually be a witness against himself in a criminal case in violation of his Fifth Amendment rights, because no affirmative incriminatory act was required of Defendant to comply with federal law. The Defendant was not required by law to personally stamp the containers or register his activities; but rather, he was prohibited by law from doing certain acts—transporting, unlawfully removing, concealing and possessing whiskey intended for use in violating the Internal Revenue laws—forbidden by federal law. Since he was in no way required to incriminate himself by affirmative act, rather only prohibited from doing the act itself, reliance on Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88

S.Ct. 722, 19 L.Ed.2d 923 (1968), is misplaced.

The decision of the trial court is reversed and the case is remanded for a new trial on counts one, two and four and affirmed as to counts three and five.