**Louis PHILLIPS, Petitioner-Appellant,**

v.

**Harold J. CARDWELL, Warden, Respondent-Appellee.**

**No. 72-2131.**

United States Court of Appeals, Sixth Circuit.

Argued June 12, 1973.

Decided July 31, 1973.

Leo H. Hildebrandt, Jr., (Court appointed) Cincinnati, Ohio, for petitioner-appellant.

Jeffrey L. McClelland, Asst. Atty. Gen., for respondent-appellee; William J. Brown, Atty. Gen., Columbus, Ohio, on brief.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

Petitioner seeks reversal of the District Court's denial of the writ of habeas corpus. We affirm.

The Ohio state appellate courts reversed two counts of petitioner's three-count narcotics conviction. State v. Phillips, 27 Ohio St.2d 294, 272 N.E.2d 347 (1971). Petitioner here attacks the validity of the conviction on the third count, conspiracy to possess narcotics, under which he is presently incarcerated.

On the afternoon of October 4, 1967, the Dayton narcotics squad kept an informer under surveillance as he entered the Stewarty Motel and purchased narcotics from one Charles Evans. Later that day, the informer again was given marked money and instructed to make another purchase in the motel. He made this purchase from Evans in Room 111 of the motel. Police viewed Evans go from Room 111 to Rooms 110–110a before delivering the narcotics to the informer. Evans was arrested after a field test of the opium derivative.

In connection with the Evans arrest, the Dayton police entered Rooms 110–110a and arrested four female suspects for possession of narcotics and began a search of the rooms. While this search was being conducted, petitioner entered Room 106 of the motel and was arrested and taken along with the other arrestees to Rooms 110–110a. The search continued there and a large quantity of heroin was recovered during this search.

Petitioner here attacks the constitutionality of the warrantless seizure of the heroin. He asserts there was no justification for the failure to obtain a warrant.

The search and seizure here was conducted in 1967, long before the Supreme Court's decision in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The operative principles, therefore, are to be gleaned from pre-Chimel law because Chimel has been held to be prospective only. Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). While Chimel severely restricted the scope of the search incident to arrest exception to the Fourth Amendment's warrant requirement, the pre-Chimel law permitted seizure of material "under the accused's immediate control . . . and . . . [extended] to the place where he is arrested." (citations omitted). Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964).

Under pre-Chimel standards, it is apparent that the heroin seized in Rooms 110–110a was validly taken incident to the arrests of the four women made in Rooms 110–110a. Therefore, petitioner's attack on the constitutionality of the seizure must fail.

Petitioner also claims that the failure to produce the informant or his identity at trial was constitutional error. The Supreme Court, in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), ordered the disclosure of an informant's identity where his identity was highly material to the defendant's case. However, this ruling was made in a case on direct appeal and in the Court's supervisory jurisdiction, not as a matter of constitutional law. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Because habeas corpus lies only for violation of the Constitution or laws of the United States, it is highly doubtful whether a claim under Roviaro is cognizable in habeas corpus.

Even assuming that the claim is cognizable, however, it is without merit. Roviaro does not mandate disclosure of an informant who was not a participant in or witness to the offense charged. See United States v. Skeens, 145 U.S. App.D.C. 404, 449 F.2d 1066, 1071 (1971) and cases cited therein. The offense which petitioner was convicted of was conspiracy and the informant was not a participant in or witness to the conspiracy. Hence, the testimony of the inform-

ant could not have been highly material to the defendant's case. United States v. Barnett, 418 F.2d 309 (6th Cir. 1969).

Affirmed.