UNITED STATES of America, Plaintiff,

v.

Michael Dean WOLFE et al., Defendants.

No. CR–2–76–12.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 12, 1976.

See also 433 F.Supp. 381.

---

John L. Bowers, U. S. Atty., and Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John F. Dugger, Bacon, Dugger, Jessee, Morristown, Tenn., for defendant, Wolfe.

Earl R. Taylor, Johnson City, Tenn., for defendant, Gourley.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Wolfe moved the Court for a severance of defendants, Rule 12(b)(5), Federal Rules of Criminal Procedure, on the ground that he is prejudiced by the joinder of defendants in the indictment herein, Rule 14, Federal Rules of Criminal Procedure. Mr. Wolfe contends that his codefendant Mr. Gourley made a statement to investigating officers and implicated him (Mr. Wolfe) in the crime charged against him, and that it would be a denial of the moving defendant's right to confront a witness against him under the Constitution, Sixth Amendment, if he cannot cross-examine Mr. Wolfe on such statement. *Bruton v. United States* (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

In oral discussions in open court, prosecuting attorneys represented to the Court that there is an alternative way of achieving the benefit to the prosecution of Mr. Gourley's implicating statement without simultaneously infringing Mr. Wolfe's right of confrontation. See *United States v. Barnett, Et Al.,* criminal action no. 7035, this district and division (1968), affirmed on this point, C.A. 6th (1969), 418 F.2d 309, 312[2]. There might have been delivered to the Court for inspection *in camera* any such statement which the prosecution intends to introduce into evidence on the trial, Rule 14, *supra;* but the office of the prosecuting trial attorney herein advised the Court informally that there would be no response to Mr. Wolfe's application, and that there is no opposition to his application.

■ " * * * Two * * * defendants may be charged in the same indictment * * * if they are alleged to have participated * * * in the same series of acts or transactions constituting an offense or offenses. * * * " Rule 8(b), Federal Rules of Criminal Procedure. In the first count of the indictment herein, Mr. Wolfe is charged with having passed on March 11, 1976 to Ms. Patricia Ann Evans two counterfeited $20 federal reserve notes of a certain description in violation of the provisions of 18 U.S.C. § 472, and in the second

count thereof, Mr. Gourley is charged with having passed on the following day to Mr. Wolfe two counterfeited bills of the same description in violation of the same statute. Thus, the defendants are alleged to have participated in the same series of acts or transactions constituting an offense.

 Rule 8(b), *supra,* requires a broad interpretation to encourage the more efficient administration of criminal trials. *Haggard v. United States,* C.A. 8th (1966), 369 F.2d 968, 973[6], certiorari denied *sub nom. Alley v. United States* (1967), 386 U.S. 1023, 87 S.Ct. 1379, 18 L.Ed.2d 461. Where, as was represented to the Court herein, two defendants may be tried together unprejudicially in one trial, a saving of the taxpayers' money and of judicial time results. However, the lack of prosecutorial attention in this instance deprives the Court of an opportunity to ascertain if such can be done herein.*

For such reason, the Court hereby reluctantly ORDERS the defendant Mr. Michael Dean Wolfe severed from his codefendant Mr. John Alfred Gourley in the indictment herein, and that the indictment, as to Mr. Wolfe, be tried Friday, December 3, 1976 commencing at nine o'clock in the forenoon.

---

* Trial of Mr. Gourley hereunder has been assigned for Monday, November 13, 1976—only hours away.