Teddy Gordon CARVER, Petitioner,

v.

Ron ENGLAND, etc., et al.,
Respondents.

No. CIV-2-78-146.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 14, 1978.

Ferdinand Powell, Jr., Powell & Epps, and Thomas E. Mitchell, Johnson City, Tenn., for petitioner.

No appearance for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, District Judge.

This is an application by a prisoner of the state of Tennessee, Mr. Teddy Gordon Carver, for the federal writ of habeas corpus. He claims he is in the custody of the respondent sheriff pursuant to the judgment of January 31, 1978 [1] in *State of Tennessee v. Ted Carver,* cases nos. 12446, 12449, 12451, 12453, 12455, 12457–12465, inclusive, 12480, and 12505 in the Criminal Court of Washington County, Tennessee in violation of his right to due process of law (a fair trial in a fair tribunal, see *In re Murchison* (1955), 349 U.S. 133, 136, 75 S.Ct. 623, 625[3], 99

---

1. Mr. Carver was convicted in the 16 afore-numbered cases on December 14, 1977. Concurrent sentences were imposed upon him, but execution of the sentences was suspended, and he was placed on probation. On January 31, 1978 such probation was revoked, and Mr. Carver was required to commence service of the sentences thus previously imposed upon him.

L.Ed. 942), Constitution, Fifth Amendment,[2] and his right to have compulsory process for obtaining witnesses in his favor, Constitution, Sixth Amendment.[3] 28 U.S.C. § 2254(a). Mr. Carver's basic complaint is that the hearing judge in his probation revocation proceeding declined to require the state of Tennessee to identify the informant who had supplied law enforcement officers with information which resulted in his (the applicant's) arrest and the consequent revocation of his probationary status.

The questions presented herein were presented earlier to, and ruled upon, by the courts of Tennessee. *State of Tennessee v. Ted Carver, supra,* in the Criminal Court of Washington County, Tennessee; judgment affirmed, *Ted Carver, appellant, v. State of Tennessee, appellee,* no. 127 Washington Criminal, in the Court of Criminal Appeals of Tennessee; petition for certiorari denied, *Ted Carver, petitioner, v. State of Tennessee, respondent,* C.C.A. no. 127, in the Supreme Court of Tennessee. Thus, Mr. Carver exhausted the remedies available to him in the courts of Tennessee. 28 U.S.C. § 2254(b).

This Court may consider only whether the applicant is in the custody of the respondent in violation of the federal Constitution. Whether he was denied a federal right depends upon whether he established an exception to the state of Tennessee's privilege to withhold from disclosure the identity of a person who furnished information of the applicant's violation of the law to law enforcement officers charged with the enforcement of that law.

The state of Tennessee had the privilege to withhold from disclosure the identity of the person who furnished information of violations of the law by the applicant to police officers of Johnson City, Tennessee, who were charged with the enforcement of the law which the applicant violated. *Roviaro v. United States* (1957), 353 U.S. 53, 59, 77 S.Ct. 623, 627[3], 1 L.Ed.2d 639.

"* * * The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. * * *" *Ibid.,* 353 U.S. at 59, 77 S.Ct. at 627[4].

But, this privilege does not outweigh the fundamental requirement of fairness. "* * * Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. * * *" *Ibid.,* 353 U.S. at 60 61, 77 S.Ct. at 628[8].

This is not to be understood as requiring the disclosure of the identity of an informer each time an accused person claims such disclosure might be helpful to his defense, as the applicant urges here. Rather, "* * * [t]he problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. * * *" *Ibid.,* 353 U.S. at 62, 77 S.Ct. at 628–629[9], cited and quoted from in *United States v. Barnett,* C.A.6th (1969), 418 F.2d 309, 311[2].

It was a term and condition of the applicant's probation that he obey the laws of any state in which he might be as well as any municipal ordinance. The applicant was in probationary status on the evening of Wednesday, January 25, 1978, when he was arrested on a charge of possessing marijuana for resale by Mr. Ron Street, a Johnson City, Tennessee police officer. As a

---

**2.** "No person shall * * * be deprived of * * * liberty * * * without due process of law. * * *" Constitution, Fifth Amendment.

**3.** "In all criminal prosecutions, the accused shall * * * have compulsory process for obtaining witnesses in his favor. * * *" Constitution, Sixth Amendment.

consequence of this arrest and violation of the aforementioned term and condition, the applicant's probation was revoked; and he was required to commence service of the previously imposed sentences.

The marijuana forming the basis of the arrest of the applicant was discovered by Mr. Street as the result of a search of the applicant's automotive van, which search was accomplished with the consent of the applicant. With the consent of the applicant, Mr. Street had searched earlier the pickup truck of the applicant, finding therein no contraband, after Mr. Street had told the applicant that he (the officer) " * * * had a tip that I was selling marijuana. * * * " After this first unproductive search, Mr. Street inquired if the applicant would consent to the officers' searching his van. The applicant did so consent, and the applicant and the two police officers drove to the place where such van was parked, where the officers conducted a search of it with the applicant's assistance.

Upon Mr. Street's discovery of the marijuana and his arrest of the applicant, Mr. Street advised the applicant that he had a witness who would testify that he (the witness) had purchased marijuana from the applicant " * * * in the last few days, * * * " and that this witness had " * * * told the officers where the marijuana was. * * * " The applicant filed with the Criminal Court of Washington County, Tennessee his affidavit, which included the foregoing allegations, with his motion for the disclosure of the identity and whereabouts " * * * of each and every person mentioned to the [applicant] by the arresting officer, said Ron Street, as informants or prospective witnesses who would testify that they had bought marijuana from the defendant. * * * " It was the applicant's claim " * * * that such disclosure is required in order for the defendant to have a fair trial and to properly frame and make his defense. * * * "

The applicant adopted all the allegations of his affidavit as his testimony at the hearing on the revocation of his probation and testified in substantially the same lan-guage in addition. After receiving all the evidence, the hearing judge expressed his opinion, and ruled, that " * * * in this particular case, this witness [Mr. Street] should not be forced to divulge the name of the informant. * * * " This determination after a hearing on the merits of the factual issue involved is fairly supported by the record and is presumed to have been correct. 28 U.S.C. § 2254(d).

The applicant urged that the informer could have testified that he (the applicant) " * * * was not connected with * * * " the marijuana found in the applicant's van, and that the informer would testify that he (the informer) had " * * * planted * * * " the marijuana in the applicant's van. There was no other support for these conclusory allegations on the part of the applicant.

A heavy burden rested upon the applicant to have established that the revealing of the identity of the informer was necessary to his defense in the hearing on the revocation of his probation. *United States v. Skeens* (1971), 145 U.S.App.D.C. 404, 408, 449 F.2d 1066, 1070[2]. His claim of an exception to the aforementioned privilege must have been more than conclusory and must have been supported by more than a mere desire to compel the attendance of the informer so that he could cross-examine the informer. *Cf. Franks v. Delaware* (1978), 438 U.S. 154, 172, 98 S.Ct. 2674, 2685[8], 57 L.Ed.2d 667 (relating to the method of challenging the truthfulness of a statement in an affidavit supporting the issuance of a search warrant on probable cause). Had the applicant shown the hearing judge that it " * * * was reasonably probable * * * " that the informer could give relevant testimony, then the burden would have shifted to the prosecution to overcome this inference with evidence that the informer could not supply information material to the applicant's defense. *United States v. Eddings*, C.A.6th (1973), 478 F.2d 67, 71[2], citing the dissenting opinion in *United States v. Skeens, supra*, 145 U.S.App.D.C. at 410, 449 F.2d at 1072.

The informer's implication (by the applicant) in this matter was a peripheral one, and this weighed additionally against the disclosure of his identity. *McCray v. State of Illinois* (1967), 386 U.S. 300, 311, 87 S.Ct. 1056, 1062[6], 18 L.Ed.2d 62. In so far as the record herein reflects, " * * * all the evidence disclose[d] [was] that the informer was an informer and nothing more. * * * " *Miller v. United States*, C.A.5th (1959), 273 F.2d 279, 281, certiorari denied (1960), 362 U.S. 928, 80 S.Ct. 756, 4 L.Ed.2d 747.

Although the applicant asserts the conclusions that the informer could have testified that the applicant was not connected with the contraband, and that the informer had "planted" it in the applicant's van, " * * * this is but a belated suggestion of a possibility as the record does not, as, for example it did in *Roviaro* * * *, supra, reveal any factual basis for the assertion that 'it is well within the realm of probability.' If the informer's relation to the acts leading directly to or constituting the crime may be assumed from a fertile imagination of [the applicant], the [prosecution] in practically every case would have to prove affirmatively that the informant had not done any such likely acts. Having done that, all would be revealed, and the informer privilege, deemed essential for the public interest, for all practical purposes would be no more. * * * " *Ibid.*, 273 F.2d at 281.

There was no denial of the applicant's federal right to due process of law (viz., a fair trial) by the exercise by the state of Tennessee under the circumstances of this matter of its aforementioned privilege. Neither was there any denial of his federal right to have compulsory process for obtaining a witness in his favor. In reality, all he sought in his application for such process was to discover the informer; a subpoena in a criminal case was never intended to provide a means of discovery, *United States v. Nixon* (1974), 418 U.S. 683, 698, 94 S.Ct. 3090, 3103[15], 41 L.Ed.2d 1039.

The applicant, accordingly, hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the petitioner give timely notice of an appeal from the judgment to be entered herein, such notice will be treated also as an application for a certificate of probable cause. Because the balancing process necessary herein involves such a high degree of subjectiveness, such certificate, in that event, will ISSUE. Rule 22(b), Federal Rules of Appellate Procedure.