COMMONWEALTH *vs.* ROBERT B. SENIOR. June 22, 1999. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Execution of sentence.

After he was convicted of motor vehicle homicide, the defendant moved for a stay of execution of his sentence, which the trial judge denied. The defendant renewed his motion for a stay before a single justice of the Appeals Court, who granted his application and stayed further execution of the sentence. The single justice conditioned the defendant's release on his posting bail; surrendering his driver's license; refraining from operating or attempting to operate a motor vehicle; and diligently prosecuting his appeal. The defendant complied with the single justice's order and was released on bail. The Commonwealth filed in the county court a petition pursuant to G. L. c. 211, § 3, through which it sought an order vacating the order of the Appeals Court single justice. A single justice of this court denied the petition, and the Commonwealth appealed.

"It is well settled that this court will not reverse an order of a single justice in the absence of an abuse of discretion or clear error of law." *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't*, 418 Mass. 153, 156 (1994), and cases cited. See *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482, 496-497, 502 (1920) (discussing "abuse of judicial discretion" standard). It is only in the context of reviewing the denial by a single justice of this court of the Commonwealth's G. L. c. 211, § 3, petition that we consider whether the Appeals Court single justice abused her discretion in staying further execution of the defendant's sentence.

Execution of a sentence may be stayed in cases in which the defendant

raises "an issue which is worthy of presentation to an appellate court, one which offers some reasonable possibility of a successful decision in the appeal." *Commonwealth* v. *Allen*, 378 Mass. 489, 498 (1979), quoting *Commonwealth* v. *Levin*, 7 Mass. App. Ct. 501, 504 (1979). See *Commonwealth* v. *Hodge (No. 1)*, 380 Mass. 851, 855 (1980). A judge must find that the defendant presents no risk of flight or danger to the community, and that he is unlikely to commit additional criminal acts during the pendency of his appeal. *Id. Commonwealth* v. *Allen, supra* at 498.

The Appeals Court single justice concluded that "the defendant has presented a meritorious appellate issue concerning the Commonwealth's acquisition and use of information as to blood testing done for the purpose of preparing a defense and not for medical purposes." We agree. Moreover, the defendant raises a novel issue concerning the admissibility of retrograde extrapolation evidence which the Appeals Court has discussed (in a different context) in *Commonwealth* v. *Smith*, 35 Mass. App. Ct. 655, 662-664 (1993), but which we have not decided. In concluding that the defendant did not pose a risk of flight or danger to the community, the Appeals Court single justice properly emphasized the defendant's ties to the community, his lack of a criminal record, and his attendance, while on bail, at all previous court proceedings. Additionally, the conditions she imposed in granting the stay provide some further assurance that the defendant will not endanger the community or commit additional criminal acts.

The single justice of this court could reasonably have concluded that the Appeals Court single justice neither abused her discretion nor committed an error of law in staying further execution of the defendant's sentence. Accordingly, we conclude that the single justice properly denied the Commonwealth's petition.

*Judgment affirmed.*

*Frank J. Middleton*, Assistant District Attorney, for the Commonwealth.
*Kevin J. Reddington*, for the defendant, submitted a brief.