NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-772

COMMONWEALTH

vs.

FREDERICK PINNEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Superior Court, the defendant was convicted of manslaughter and sentenced to serve nine to ten years in State prison.[1]  He moved for a stay of execution pending appeal, which was denied by the trial judge in a written decision and order.  The defendant then filed with this court a motion for a stay pursuant to Mass. R. A. P. 6 (b), 481 Mass. 1608 (2019).  A single justice vacated the trial judge's order and remanded the matter for further consideration.  After an evidentiary hearing at which the defendant's pretrial probation

---

[1] He received credit for more than six and one-half years' time served.  The defendant was charged with murder and held in custody in 2014.  Although the case proceeded to trial in 2016, a mistrial caused it to be returned to pretrial status, where it remained during extensive proceedings.  The defendant continued to be held in custody until January 2021, when he was released on conditions pending retrial.  He was placed in custody again after conviction in March 2023.

officer testified, the trial judge again denied the motion in another written decision.  The defendant then filed another motion for a stay pursuant to Mass. R. A. P. 6 (b) in this court.  That motion was denied by a different single justice, who also denied the defendant's subsequent motion for reconsideration.  The matter before us now is the defendant's consolidated appeal from the single justice's orders denying the motion for stay and the motion for reconsideration.  We affirm.

Discussion.  We review a single justice's decision on a motion for stay of execution pending appeal for error of law or abuse of discretion.  See Commonwealth v. Nash, 486 Mass. 394, 412 (2020).  A single justice considering a motion for stay may proceed in either of two ways:  (1) "independent or de novo mode," in which the single justice considers the matter anew or (2) "appellate review mode" in which the single justice simply reviews the correctness of the decision of the trial court.  Id. at 410.  Here, the single justice took the latter course and, discerning no error of law or abuse of discretion, denied the motion for a stay.  We likewise discern no error of law or abuse of discretion in the single justice's orders denying the motions for a stay and for reconsideration.

A trial judge's consideration of a motion for a stay of sentence pending appeal is governed by Mass. R. Crim. P. 31 (a), as appearing in 454 Mass. 1501 (2009), which provides that, if a

2

sentence of imprisonment is imposed upon conviction of a crime, "the entry of an appeal shall not stay the execution of the sentence unless the judge imposing it . . . determines in the exercise of discretion that execution of said sentence shall be stayed pending the determination of the appeal."  Thus, the grant of a stay is an exception to the rule and committed to the sound discretion of the judge.  See Christie v. Commonwealth, 484 Mass. 397, 400 (2020).  In exercising discretion, the trial judge is guided by our case law which provides that the judge should evaluate whether the defendant's appeal presents "an issue which is worthy of presentation to an appellate court, one which offers some reasonable possibility of a successful decision in the appeal" as well as "the possibility of flight to avoid punishment; potential danger to any other person or to the community; and the likelihood of further criminal acts during the pendency of the appeal" (citations omitted).  Id.  The defendant bears the burden on both issues.  See Nash, 486 Mass. at 404, 406.

In this case, the trial judge determined that the defendant had failed to meet his burden on both issues; however, the single justice denied the defendant's motion for a stay after review of the security issue alone.  See Commonwealth v. McDermott, 488 Mass. 169, 174 (2021) (affirming single justice denial of stay based on security, even though defendant raised

issue worthy of appellate review); Commonwealth v. Springfield Terminal Ry. Co., 77 Mass. App. Ct. 225, 230 (2010) ("Because the defendants have failed to demonstrate that the single justice abused her discretion in denying the motion for security reasons, we need not decide whether the appellate issues they raise offer some reasonable possibility of a successful decision on appeal").  We therefore proceed to the issue of security.

As to this issue, a trial judge is to consider "the possibility of flight to avoid punishment; potential danger to any other person or to the community; and the likelihood of further criminal acts during the pendency of the appeal" (citation omitted).  Nash, 486 Mass. at 405.  The judge's calculus may take account of "the seriousness of the crime of which the defendant was convicted, the strength of the evidence presented at trial, and the severity of the sentence that the judge imposed."  Id.  Relevant factors may include familial status, roots in the community, employment, prior criminal record and general attitude and demeanor.  See Christie, 484 Mass. at 400.  In the end, the trial judge is "to employ . . . 'sound, practical judgment and common sense'" in determining the security risk posed.  Nash, supra, quoting Commonwealth v. Levin, 7 Mass. App. Ct. 501, 505 (1979).

Here, the trial judge found that the defendant was convicted of an extremely serious crime involving the death of a

4

woman,[2] and that evidence against him at trial was strong.
Acknowledging that the defendant did not flee or commit other
crimes during the period of time that he was on pretrial
release, the judge reasoned that the defendant was facing a
charge of murder in the first degree at the time and had
incentive to conform his behavior in order to present the best
face at trial.  The judge also considered that his family and
roots were out of State and that there were insufficient
mechanisms to monitor his behavior and secure his presence in
the Commonwealth.  Again, the judge acknowledged that the
defendant had been allowed to live out of State while on
pretrial release with no apparent issues.  However, the judge
was concerned with the quality of this pretrial supervision,
essentially consisting of remote check-ins and self-reporting.
Given the role that substance abuse played in the crime,[3] the
judge was particularly concerned about the probation

---

[2] The woman was found naked on the floor of the defendant's
bedroom with several visible wounds and was later determined to
have died from strangulation.  See Commonwealth v. Pinney, 97
Mass. App. Ct. 392, 394-395, 395 n.2 (2020).

[3] In his motion papers, the defendant argued that the jury's
verdict indicated that the jurors determined that the
defendant's substance abuse played a significant role in his
crime.

department's inability to provide actual personal supervision under the release conditions proposed.[4]

Despite the reasoning of the trial judge in this regard, the defendant contends that the judge abused his discretion by "disparaging" the favorable testimony of the defendant's probation officer and "ignor[ing]" the officer's substantial training and experience. He also complains that the judge "pa[id] short shrift" to a supporting affidavit of a woman with whom the defendant lived and for whom he worked. The short answer to the defendant's claims is that weight and credibility are for the fact finder. See Commonwealth v. Garner, 490 Mass. 90, 94-96 (2022) (weight and credibility determinations made upon evidentiary hearing committed to discretion of fact finder). It was within the judge's discretion to give little

---

[4] The defendant criticizes the trial judge's finding that the defendant's sobriety, a condition of probation, was never verified. He argues that since he was not required to submit to drug and alcohol testing as a condition of probation, the requirement imposed by a probation officer would have been unlawful. We do not view the judge to have been suggesting drug and alcohol testing. Rather, the defendant's sobriety could have been verified by personal observation, which was lacking due to remote supervision.

Similarly, the defendant challenges the judge's finding that his compliance with curfew was never verified. He argues, in a rather circular fashion, that the fact that the defendant gave no cause to require the probation officer to verify curfew supports his lack of a security risk. Again, we view the judge's finding in this regard as simply support for his skeptical view of the probation officer's report.

weight to a probation officer who testified that the defendant was a model probationer, where supervision was minimal. Likewise, it was within the judge's discretion to give little weight to an affidavit promising employment to the defendant if it was in the nature of ad hoc jobs.

The defendant also challenges the trial judge's reasoning that the defendant's risk of flight was elevated after conviction for manslaughter. The defendant argues that while on pretrial release, he had an increased incentive to flee because he was facing the possibility of a life sentence without parole. After conviction of manslaughter, he contends, he had a decreased incentive to flee because he faced only a few years imprisonment (due to time already served). One could also view an incentive to flee as lesser pretrial because of the possibility of acquittal and greater after conviction because of the certainty of imprisonment. In any event, this factor may be looked at in many different ways; the question is whether the way the judge viewed it was outside the range of reasonable alternatives. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (abuse of discretion standard). It was not. See Garcia v. Commonwealth, 486 Mass. 341, 348-349 (2020) (observing that judge could have reasonably concluded that three-year prison sentence remaining to serve -- out of five-year sentence, could have provided significant incentive to flee).

Finally, the defendant argues that the trial judge's order "suffers from the same defects as were present in Nash," where the Supreme Judicial Court held that a single justice of this court abused her discretion in reviewing the security risk by relying "very heavily on the serious and abhorrent nature" of the defendant's crimes and appeared not to give much weight to other factors. Nash, 486 Mass. at 414. We disagree. The trial judge in this case devoted two short sentences (within five pages of analysis devoted to the security risk), to the crime of which the defendant was convicted. The remainder of the analysis did focus on other factors including the defendant's untenable request to reside out of State (where supervision would be hampered), that neither his family members nor his current "significant other" offered a proposal to house the defendant within the Commonwealth, and the lack of any evidence regarding substance abuse treatment. The judge's analysis of the security issue was thus not "underinclusive" as in Nash.[5] Id.

As to the defendant's motion for reconsideration presented to the single justice, the defendant provided the single justice

---

[5] The defendant also argues that the trial judge misstated the evidence before him by indicating that he had "insufficient information" regarding the defendant's medical condition. Although the defendant had submitted a medical record indicating laboratory results, the import was far from clear.

with a transcript of the evidentiary hearing on the motion for stay before the trial judge and argument regarding claimed contradictions between the evidence and the trial judge's findings. As the submission merely buttressed the original motion for stay, the single justice did not abuse his discretion in denying the motion for reconsideration. See Liberty Square Dev. Trust v. Worcester, 441 Mass. 605, 611 (2004) (no error in denying motion for reconsideration which seeks merely "second bite at the apple").

As the trial judge did not abuse his discretion, the single justice similarly did not abuse his discretion in denying the defendant's motions for a stay and for reconsideration.

<u>Orders of the single justice denying motions for a stay and for reconsideration affirmed</u>.

By the Court (Vuono, Singh, & Englander, JJ.[6]),

Assistant Clerk

Entered: January 9, 2024.

---

[6] The panelists are listed in order of seniority.