NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-926

COMMONWEALTH

vs.

EUTICHIO P. CALORE, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Eutichio P. Calore, Jr., appeals from an order of a single justice of this court denying his motion to stay the execution of his sentence pending his appeal. Concluding that the single justice acted within her discretion in light of the defendant's actions in this case, we affirm.

In the context of review of a single justice's denial of a motion to stay execution of a sentence, "[i]t is well settled that this court will not reverse an order of a single justice in the absence of an abuse of discretion or clear error of law." Commonwealth v. Scott, 98 Mass. App. Ct. 843, 852-853 (2020), quoting Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 123 (2019). See Commonwealth v. Dame, 473 Mass. 524, 539, cert. denied, 580 U.S. 857 (2016). To grant a stay, a single justice "must find that the defendant presents no risk of flight

or danger to the community, and that he is unlikely to commit additional criminal acts during the pendency of his appeal." Commonwealth v. Springfield Terminal Ry. Co., 77 Mass. App. Ct. 225, 228 (2010), quoting Commonwealth v. Senior, 429 Mass. 1021, 1022 (1999). In addition, the defendant must establish that the underlying "appeal presents 'an issue which is worthy of presentation to an appellate court, one which offers some reasonable possibility of a successful decision in the appeal.'" Christie v. Commonwealth, 484 Mass. 397, 400 (2020), quoting Commonwealth v. Allen, 378 Mass. 489, 498 (1979).

Here, the defendant stands convicted of unlawfully carrying a firearm, G. L. c. 269, § 10 (a), and unlawful possession of ammunition, G. L. c. 269, § 10 (h) (1). The defendant's description of the incident to the single justice was "driving to a vacant area in Billerica Massachusetts known as the 'sand pits,' where the Defendant fired [his] friend's firearm out the window of his vehicle." The Commonwealth represented that a witness, from her front doorstep, witnessed the defendant "point a handgun out of the driver's window, and heard a loud bang." The bang was corroborated by a video and audio recording and a ballistician's testimony.[1] On this record, we discern no error

---

[1] No transcripts were provided to the single justice, nor have transcripts been provided to us, although we are informed that the transcripts were completed in September 2023. We note that the findings in the order denying the defendant's motion to

2

in the single justice's determination that "[t]he convictions stemmed from an incident in which the defendant fired a firearm from the window of a vehicle he was driving on a populated street in a residential neighborhood."  The jury's acquittal of the defendant on the charge of discharging a firearm within five hundred feet of a dwelling is no bar to the single justice's factual determination, as she was not bound to find subsidiary facts beyond a reasonable doubt.  See Commonwealth v. Edwards, 444 Mass. 526, 543 (2005) ("preliminary questions of fact and subsidiary facts need only be proved by a preponderance of the evidence").

In any event, it is evident that the defendant acted recklessly in pointing a firearm outside a moving vehicle near a residence and then firing it, even if he waited until he was in the "sand pits" to fire it.  See Vega v. Commonwealth, 490 Mass. 226, 239 (2022) (pretrial detention on dangerousness grounds permissible for unlawful possession of firearm); Christian v. Commonwealth, 446 Mass. 1003, 1003-1004 (2006) (affirming denial of motion to stay sentence for security reasons where defendant was convicted of two counts of receiving stolen goods with value exceeding $250).  The single justice reasonably determined that the defendant "could pose . . . a threat to the community if

_____

suppress suggest that the witness lived close to the entrance to the "sand pits."

3

released.".  See Commonwealth v. Nash, 486 Mass. 394, 405 (2020)

(single justice must "employ his or her 'sound, practical

judgment and common sense,' to decide based on the available

information whether the defendant will be a danger" [citation

omitted]).

Furthermore, as the single justice stated, the defendant

faces a mandatory sentence of eighteen months in the house of

correction and has never served incarcerated time before, and

thus "could pose a flight risk."  The single justice considered

the defendant's lack of a prior criminal history and his

apparent compliance with the conditions of pretrial release.[2]

The single justice also considered the defendant's assertion

that he has "employment prospects and a supportive family,"

while properly noting the lack of an affidavit or any other

evidence to support these assertions.[3]  See Commonwealth v.

Alvarez, 62 Mass. App. Ct. 866, 870 (2005).  This is not a case

where the single justice failed to consider or grapple with such

factors.  Contrast Nash, 486 Mass. at 414.

In sum, the single justice considered the relevant factors

and concluded that, based on the defendant's reckless behavior

---

[2] We note, however, that the conditions of release were minimal, just to refrain from abuse or harassment and to stay away from the street where the crime occurred.
[3] The single justice reviewed the motion to stay filed by the defendant in the District Court and presumably noticed that these assertions were conspicuously absent from that filing.

with a firearm and the mandatory incarceration he faces, he poses an unacceptable risk of flight and danger to the community, inadequately mitigated by his lack of a prior criminal record and compliance with the minimal conditions of pretrial release.  "The judge has considerable leeway in making that determination."  Nash, 486 Mass. at 405.  Regardless of whether we would have come to the same conclusion if this motion were presented to us de novo, we discern no abuse of discretion. See Dame, 473 Mass. at 539.

Order of the single justice affirmed.

By the Court (Rubin, Ditkoff & Grant, JJ.[4]),

Assistant Clerk

Entered:  March 4, 2024.

---

[4] The panelists are listed in order of seniority.